# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DILLARD YVONE TOLBERT, Defendant. | No. CR06-4021-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

## I. INTRODUCTION AND BACKGROUND

On March 21, 2006, a one count indictment was returned against defendant Dillard Yvone Tolbert charging him with possessing 50 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Defendant Tolbert has filed a motion to suppress all of the evidence seized from him at the scene of a traffic stop, arguing he was searched without probable cause. He further moves to suppress statements he made at the scene of the traffic stop, contending his statements were made after he was in custody but before he had been advised of his rights. He also claims that these statements were involuntary, resulting from unlawful coercion. He also moves to suppress post-*Miranda* statements he made at the police station as fruit of the poisonous tree.

Defendant Tolbert's motion to suppress was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On December 4, 2006, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Tolbert's motion to suppress be granted in part and denied in part. Judge Zoss concluded that the

police had probable cause to stop the vehicle in which defendant Tolbert was traveling for a traffic violation. Judge Zoss further concluded that when the police took defendant Tolbert out of the vehicle, they had the right to do a patdown search for weapons. During the patdown, the officers felt something they believed to be crack cocaine. Judge Zoss found that, based on the officers' training and experience, they were able to identify the crack cocaine simply by touch and, having done so, lawfully seize the crack cocaine without a warrant pursuant to the "plain feel" doctrine. Thus, Judge Zoss found that the evidence seized at the scene of the traffic stop was lawfully discovered and seized, and need not be suppressed. However, Judge Zoss concluded that by the time the police questioned Tolbert at the scene of the traffic stop, he clearly was in custody and had not been read any *Miranda* warnings. Thus, Judge Zoss found that the police's questioning of Tolbert at the scene of the traffic stop regarding the contents of his pocket was done in violation of Tolbert's rights, and his responses, or any failure to respond, to those questions should be suppressed. Finally, Judge Zoss found that Tolbert's post-*Miranda* statements to the police at the police station should not be suppressed because the *Miranda* warnings given to Tolbert prior to his questioning at the police station effectively cured his unwarned questioning at the scene of the traffic stop. Judge Zoss found that Tolbert made a rational, informed, and intelligent choice to waive his rights and talk with the police at the police station. Neither the government nor defendant Tolbert have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

A judge of the court shall make a de novo determination of

2

> those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation of December 4, 2006, and orders that defendant Tolbert's motion to suppress is **granted in part and denied in part**. Any statements made by defendant Tolbert, or his failure to respond to questions put to him by law enforcement personnel, at the scene of the traffic stop regarding the contents of his pocket are suppressed. In all other regards, defendant Tolbert's motion to suppress is denied.

**IT IS SO ORDERED.**

**DATED** this 21st day of December, 2006.

*/s/ Mark W. Bennett*
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA